UNITED STATES of America

v.

Ronnie THREET.

No. 2–87–0055.

United States District Court,
M.D. Tennessee,
Northeastern Division.

Dec. 2, 1987.

Norman Acuff and B. Catherine Freels,
U.S. Dept. of Interior, Knoxville, Tenn., for
plaintiff.

R. Bruce Ray, Jamestown, Tenn., for de-
fendant.

## MEMORANDUM

MORTON, Senior District Judge.

This action was brought by the United
States of America pursuant to the Surface
Mining Control and Reclamation Act of
1977 (hereinafter the Act), 30 U.S.C. § 1201
*et seq.* The plaintiff seeks a permanent
injunction enjoining the defendant from
conducting, or engaging in the conduct of,
surface coal mining operations without
first obtaining a permit. Jurisdiction is
founded upon section 521(c) of the Act, 30
U.S.C. § 1271(c) and section 506 of the Act,
30 U.S.C. § 1256, and upon 28 U.S.C.
§ 1345. The defendant has filed a motion
to dismiss, asserting that the court is with-
out jurisdiction pursuant to 30 U.S.C.
§ 1271(c) and 30 U.S.C. § 1256.

The facts of the case as found by
the court and stipulated by the parties are
as follows. The defendant was issued and
did receive the following cease orders from

the State of Tennessee, Department of Conservation, Division of Surface Mining Reclamation (hereinafter TN–DSM) for mining without a permit: cease order number 98 dated November 30, 1975; cease order number 004–11–82 dated December 9, 1982; and cease order number 016–11–83 dated November 8, 1983. The defendant entered into an agreed order with the State of Tennessee dated December 3, 1976, in which he admitted having illegally mined in Tennessee. By a superceding agreed order dated March 8, 1987, the defendant agreed to cease mining without a permit in Tennessee. The defendant was issued and did receive the following cessation orders from the U.S. Department of the Interior, Office of Surface Mining Reclamation and Enforcement (hereinafter OSMRE) for conducting coal mining operations without a permit; cessation order number 84–090–032–004 dated July 28, 1984; cessation order number 84–091–032–014 dated October 4, 1984; cessation order number 85–91–176–006 dated March 11, 1955; and cessation order 87–91–092–001 dated January 8, 1987. These four cessation orders involved illegal surface mining on six sites. The defendant did not pursue administrative remedies as to the foregoing citations. Having failed to exhaust available administrative remedies, the defendant is precluded from disputing the validity of these citations. *See Hodel v. Virginia Surface Mining and Reclamation Ass'n,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981); *Seepe v. Department of the Navy,* 518 F.2d 760 (6th Cir.1975).

The four cessation orders issued by the OSMRE were terminated upon the defendants' reclamation of the illegally mined sites. The cessation orders had been terminated at the time that this action was filed. At trial OSMRE reclamation specialist Greg McKamey testified that he advised the defendant on several occasions to cease mining without a permit. OSMRE reclamation specialist Ronald McDowell testified that the defendant informed him that he would continue to mine coal without a permit if necessary to support his family. Although the defendant testified that he would not mine without a permit in the future, the defendant's pattern of wilfull violations and the assertion of his intent to continue mining without a permit belie the defendant's testimony of his future good intentions.

■ The plaintiff contends that the defendant, having continually violated 30 U.S. C. § 1256 of the Act, providing that "no person shall engage in or carry out on lands within a state any surface coal mining operations unless such person has first obtained a permit," is subject to the relief available to the Secretary pursuant to 30 U.S.C. § 1271(c). Section 1271(c) provides in pertinent part as follows:

> The Secretary may request the Attorney General to institute a civil action for relief, including a permanent or termporary injunction, restraining order, or any other appropriate order in the district court of the United States for the district in which the surface coal mining and reclamation operation is located or in which the permittee thereof has his principal office, whenever such permittee or his agent (A) violates or fails or refuses to comply with any order or decision issued by the Secretary under the Act, or (B) interferes with, hinders, or delays the Secretary or his authorized representative in carrying out the provisions of this Act, or (C) refuses to admit such authorized representative to the mine, or (D) refuses to permit inspection of the mine by such authorized representative, or (E) refuses to furnish any information or report requested by the Secretary in furtherance of the provisions of this Act, or (F) refuses to permit access to, and copying of, such records as the Secretary determines necessary in carrying out the provisions of this Act. Such court shall have jurisdiction to provide such relief as may be appropriate.

Thus the plaintiff contends that the defendant is a "permittee" within and in violation of 30 U.S.C. § 1271(c).

The defendant argues that he is not a "permittee" and comes neither within the class of persons to whom section 1271(c) applies nor the classes of conduct described in section 1271(c)(A–F).

Before addressing the parties' arguments, the court will analyze the enforcement procedures provided to the Secretary under the Act. The procedures utilized by the OSMRE in enforcing the Act against the defendant were implemented as follows: Pursuant to 30 U.S.C. § 1271(a)(1), the Secretary, having reason to believe any person is in violation of any requirement of the Act, "shall immediately order federal inspection of the surface coal mining operation." An inspection of the defendant's coal mining was conducted when the Secretary received information that the defendant was mining coal without a permit in violation of 30 U.S.C. § 1256. Section 1271(a)(2) provides that

> [w]hen, on the basis of any Federal inspection, the Secretary or his authorized representative determines that any condition or practice exist, or that any permittee is in violation of any requirement of this chapter or any permit condition required by this chapter, which condition, practice, or violation also creates an imminent danger to the health or safety of the public, or is causing, or can reasonably be expected to cause significant imminent environmental harm to land, air, or water resources, the Secretary or his authorized representative shall immediately order a cessation of surface mining.

As stated hereinabove, 30 U.S.C. § 1256 provides that "no person shall engage in ... any surface coal mining operations unless such person has first obtained a permit." 30 C.F.R. § 722.11(c) provides that "[s]urface coal mining and reclamation operations conducted by any person without a valid surface coal mining permit ... constitute a condition or practice which causes or can reasonably be expected to cause significant, imminent environmental harm to land, air or water resources." Thus, pursuant to § 1271(a)(2) the defendant was issued and did receive the four OSMRE cessation orders referred to hereinabove. In each case, the defendant was ordered to cease surface coal mining operations except reclamation. The defendant was instructed to reclaim the illegally mined sites or to submit a permit application. In each case, the defendant ceased his coal mining activities

and completed reclamation of the sites within the abatement deadlines. Upon compliance, the cessation orders were duly terminated. While the enforcement actions taken by the Secretary have succeeded in correcting the immediate harm caused by the particular activities cited, such enforcement actions have not deterred the defendant from repeatedly conducting illegal mining operations.

The Surface Mining Control and Reclamation Act is a comprehensive statute designed to "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a). Title II of the Act, 30 U.S.C. § 1211 establishes the Office of Surface Mining Reclamation and Enforcement within the Department of the Interior. The Secretary acts through the OSMRE and is charged with the primary responsibility for "administering and implementing the Act by promulgating regulations and enforcing its provisions." *Hodel v. Virginia Surface Mining & Recl. Ass'n,* 452 U.S. 264, 268–69, 101 S.Ct. 2352, 2356, 69 L.Ed.2d 1, 11 (1981). Section 201, 30 U.S.C. § 1211(c)(2) directs the Secretary to "publish and promulgate such rules and regulations as may be necessary to carry out the purposes and provisions of this chapter." Section 201 confers upon the Secretary substantive authority in exercising his rulemaking powers. *See In re Permanent Surface Min. Reg. Lit.,* 653 F.2d 514 (D.C.Cir.1981).

Section 701(18), 30 U.S.C. § 1291(18) provides that "permittee means a person holding a permit." Pursuant to section 501(b), 30 U.S.C. 1251(b) the Secretary has promulgated regulations establishing a permanent regulatory program incorporating all the Act's performance standards. Title 30 C.F.R. § 701.5 provides that "[a]s used in this chapter, the following terms have the specified meanings except where otherwise indicated: ... Permittee means a person holding or required by the Act or this chapter to hold a permit to conduct surface coal mining operations."

In support of the Secretary's regulations defining "permittee," the plaintiff cites *Un-*

ion Carbide v. Andrus, No. 79–2163, 13 E.R.C. 1481 (S.D.W.Va.1979), wherein the court concluded that federal enforcement authority, pursuant to section 502(e) of the Act and in light of the construction of that section with the other provisions of the Act, was not governed by the statutory definition of the term "permittee." The Secretary's regulation defining a "permittee" as a "person conducting surface coal mining and reclamation operations regulated by a state under state law" was accepted by the court. See 30 C.F.R. § 700.5 (1978).

In addition, the plaintiff relies on the case of Delight Coal Corp., IBSMA 186 (1979) wherein the Interior Board of Surface Mining Appeals held that the Secretary's regulation defining "permittee" "include[d] those persons who through ignorance or dishonesty fail to get a permit from the proper regulatory authority before engaging in activities regulated by a state." Id. at 199. In this case, the Secretary sought to enforce civil penalties pursuant to 30 U.S.C. § 1268. Furthermore, in In re Permanent Surface Min. Reg. Lit., the court noted in reference to the Surface Mining Act that "[d]eference to the administering agency is particularly appropriate when a complex regulatory statute emerges from a process of difficult legislative gestation." Supra at 522.

In light of the foregoing authorities and the finding by the court that the Secretary's regulation defining "permittee" is consistent with and necessary to carry out the purposes of the Act, the court concludes that the defendant at all times relevant to this action was a "permittee."

█ In conducting surface coal mining operations without first obtaining a permit, the defendant was clearly in violation of 30 U.S.C. § 1256. In addition, he was able to avoid the requirements of the Act relating to permits. Title 30, United States Code, section 1257 sets forth permit application requirements, thereby setting performance standards that must be met by the applicant prior to permit approval. In conducting surface mining operations without a permit, and upon issuance of a cessation

order pursuant to the permit violation, reclaiming the site within the time designated for abatement in the cessation order, the defendant was effectively circumventing the requirements and purposes of the Act. Such a practice "interferes with, hinders or delays the Secretary or his authorized personnel in carrying out the provisions of the Act." 30 U.S.C. § 1271(c)(B). Consequently, the defendant's motion to dismiss is denied.

Pursuant to 30 U.S.C. § 1271(c), the court has jurisdiction "to provide such relief as may be appropriate," including injunctive relief. By its terms the statutory language of § 1271(c) does not restrict the court's inherent equitable powers. Although the defendant has reclaimed the sites and the cessation orders were terminated, the court "has broad power to restrain acts which are of the same type or class or unlawful acts which the court has found to have been committed or whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's conduct in the past." NLRB v. Express Publishing Co., 312 U.S. 426, 435, 61 S.Ct. 693, 699, 85 L.Ed.2d 930, 937 (1941); See also, Zenith Radio Corp. v. Hazeltine Reserach, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129, (1969). The defendant's pattern of repeated violations establishes that the Secretary's authority to issue cessation orders has not deterred the defendant's past activity. Such legal remedies have proved inadequate. The defendant's pattern of past violations also evidences the probability that violations will be repeated in the future. As noted hereinabove, surface coal mining operations conducted without a permit "constitute a condition or practice which causes or can reasonably be expected to cause significant, imminent environmental harm." 30 C.F.R. § 722.11(c). If environmental injury is sufficiently likely, the balance of harms will usually favor the issuance of an injunction to protect the environment. See Amoco Production Co. v. Gambell, 480 U.S. ——, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987).

In order to prevent future violations of the Act, the defendant is hereby enjoined

from conducting or engaging in the conduct of surface coal mining operations without first obtaining a permit in accordance with the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.*